### 17567. McGOWAN-MOTES MOTOR COMPANY v. WHATLEY.

By reason of the agreement between the automobile seller and the seller of the tires to the buyer of the automobile, which the buyer took to another State and abandoned, that the seller of the automobile should bring it back on these tires and return the tires to the party who had sold them, the automobile seller was estopped from setting up title to the tires under the rule of accession.

DECIDED DECEMBER 9, 1926.

Claim; from Richmond superior court—Judge A. L. Franklin. June 26, 1926.

Application for certiorari was denied by the Supreme Court.

*Mortimer M. Jarecky, Abram Levy,* for plaintiff in error.

*John J. Jones,* contra.

BROYLES, C. J. A sold to B an automobile, under a retaining-title note and contract which reserved the title to the property in A until payment of the purchase price. The contract was duly recorded. Subsequently C sold to B, on open account, two automobile tires and tubes. These tires and tubes were put on the automobile and were never paid for. Some time after this purchase of the tires B abandoned the automobile in South Carolina (it having been bought in Augusta, Ga., and the balance of the purchase price not having been paid), and so notified C. Upon being informed that the automobile was the property of A, C

Accession, 1 C. J. p. 384, n. 41.
Estoppel, 21 C. J. p. 1112, n. 40.

notified A (who resided in Augusta) that B had abandoned the automobile in South Carolina; that his (C's) tires and tubes were on the automobile, and that he was going from Augusta (his residence) to South Carolina and take his tires off the automobile and bring them to Augusta; that he realized, however, that if he did this, A would be put to the trouble and expense of sending other tires to South Carolina to bring the automobile back to Augusta, and, therefore, to accommodate A he would let him bring the automobile back on his (C's) tires, *provided that when A brought the automobile back to Augusta he would give to him (C) his tires and tubes; and A agreed to do so.* In pursuance of this agreement, C abandoned his trip to South Carolina, and A brought the automobile to Augusta on C's tires, and thereafter told C that he would either give him the tires and tubes or pay him the value thereof. Subsequently A, after consulting his lawyer, refused to give up the tires or to pay for them, and foreclosed his mortgage on the automobile, whereupon C sued out a purchase-money attachment against B and A for the tires and tubes sold to B, alleging as a ground of attachment against A that the tires and tubes were in his possession, and that he (A) was holding them for the benefit of B and in fraud against him (C). This attachment was levied on the tires and tubes while in A's possession. A thereupon filed a claim to them, and the issue was decided in favor of C in a justice's court, and on an appeal to the superior court the jury returned a verdict for C for an amount less than the purchase price of the tires and tubes. A's motion for a new trial was overruled and he excepted.

Conceding (but not deciding) that the title to the tires and tubes in question, under the rule of accession, passed to A and gave him the rights incident to title and possession, he, by his above-stated agreement with C, waived such rights; and, both parties having acted upon the agreement to the benefit of A and the detriment of C, A was thereafter estopped from setting up such rights, and the verdict in favor of C was demanded. The grounds of the amendment to the motion for a new trial show no cause for another hearing of the case.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*